IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHANNA GILES                                                                                           PLAINTIFF
*On behalf of*
Z.M., A MINOR

vs.                                             Civil No. 5:09-cv-05221

MICHAEL J. ASTRUE                                                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Johanna Giles ("Plaintiff") brings this action on behalf of Z.M., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying Z.M.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed an SSI application on behalf of Z.M. on February 28, 2007. (Tr. 81-83). In her application, Plaintiff alleged Z.M. was disabled due to asthma and mental retardation. (Tr. 115). Plaintiff alleged Z.M.'s onset date was January 1, 2001. (Tr. 81). This application was denied initially

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

on June 5, 2007 and again upon reconsideration on August 16, 2007. (Tr. 34). Thereafter, Plaintiff requested an administrative hearing on Z.M.'s application, and this hearing request was granted. (Tr. 50).

An administrative hearing was held on December 2, 2008 in Fayetteville, Arkansas. (Tr. 7-26). Plaintiff and Z.M. were present and were represented by counsel, Stephanie Mays, at this hearing. *Id.* Z.M. and David Jiles, Z.M.'s stepfather, testified at this hearing. *Id.* On June 9, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of Z.M. (Tr. 34-45).

In this decision, the ALJ found Z.M. was born on February 1, 1996, was a preschooler on the date the application was filed, and was a school-aged child on the date of his decision. (Tr. 37, Finding 1). The ALJ determined Z.M. had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to his decision. (Tr. 37, Finding 2). The ALJ determined Z.M. had the following severe impairments: mental retardation, asthma, and sleep apnea. (Tr. 37, Finding 3). The ALJ also determined none of Z.M.'s impairments met or were functionally equivalent to the Listing of Impairments in 20 CFR Part 404, Subpart p, Appendix 1 ("Listings"). (Tr. 37, Finding 4).

In assessing whether Z.M.'s impairments were functionally equivalent to a listing, the ALJ assessed the six domains of functioning. (Tr. 37, Finding 5). Specifically, the ALJ determined Z.M. had the following limitations in the six domains of functioning: (1) less than marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) less than marked limitation in the ability to care for himself; and (6) less than marked limitation in health and physical well-being. (Tr. 39-45). Based upon these findings, the ALJ determined Z.M. had not been disabled, as defined by the Act, since February 28,

2007, the date Z.M.'s application was filed. (Tr. 45, Finding 6).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4). *See* 20 C.F.R. § 404.968. On August 13, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On October 13, 2009, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 12, 2010. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 12, 15. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability

benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409. Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2007, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent"

to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3. Discussion:**

In her appeal brief, Plaintiff alleges the following: (A) the ALJ erred by not finding Z.M. meets Listing 112.05 for mental retardation, and (B) the ALJ erred by finding Z.M. did not have an extreme limitation in the domain of interacting and relating with others. ECF No. 12.

**A. Listings**

The ALJ found Z.M. suffered from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included mental retardation, asthma, and sleep apnea. (Tr. 37). However, the ALJ found no substantial evidence in the record showing Z.M.'s

condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1.

Plaintiff asserts Z.M. meets or equals Listing 112.05, which relates to mental retardation. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 112.05. To meet the required level of severity for mental retardation, the claimant must satisfy the requirements in A, B, C, D, E, or F of the listing. *Id*. Plaintiff argues Z.M. satisfied the requirements of C, which requires, "A valid verbal, performance, or full scale IQ of 59 or less." *Id*. at § 112.05(C). Plaintiff has the burden of establishing Z.M.'s impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

A review of the record finds substantial evidence to support the ALJ's finding that Z.M. does not meet the criteria for Listing 112.05(C). Z.M.'s previous undated intelligence scores on the Wechsler Preschool and Primary Scale of Intelligence-Revised (WPPSI-R) test showed a full-scale IQ of 76, verbal IQ of 79, and perceptual IQ of 77. (Tr. 151). On February 7, 2006, a Psychoeducational Evaluation Report was prepared for Z.M. (Tr. 150-155). On the Weschsler Intelligence Scale for Children-Fourth Edition (WISC-IV), Z.M's full-scale IQ was 70, verbal comprehension was 73, perceptual reasoning was 71, working memory was 74, and processing speed was 85. (Tr. 151). Z.M's IQ scores are shown to be higher than the IQ score of 59 that Listing 112.05(C) requires. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 112.05(C).

Plaintiff argues Z.M.'s below-average scores on tests performed in a Language/Communicative Abilities Assessment in January 2006 support a determination that Z.M. meets Listing 112.05(C). ECF No. 12, Pages 4-6. According to Plaintiff, Z.M.'s total score on the Expressive Language Test (ELT), was 55, and Plaintiff contends this score satisfies the requirement for a valid verbal,

6

performance, or full scale IQ of 59 or less under Listing 112.05(C). (Tr. 158). *Id.* The regulations provide that the IQ scores in Listing 112.05 "reflect values from tests of general intelligence that have a mean of 100 and a standard deviation of 15, e.g., the Wechsler series." *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 112.00(D)(9). The regulations also provide that generally, it is preferable to use IQ measures that are wide in scope and include items that test both verbal and performance abilities. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 112.00(D)(15). Plaintiff has not demonstrated the ELT is an IQ score that reflects values of general intelligence, or that it satisfies the criteria of having a mean of 100 and a standard deviation of 15. According the Language/Communicative Abilities Assessment, the ELT is designed to access language knowledge and flexibility with expressive language. (Tr. 158).

Substantial evidence supports the ALJ's finding that Z.M. does not meet a Listing.

### B. Domains of Functioning

Plaintiff claims the ALJ erred by finding Z.M.'s impairments were not functionally equivalent to the Listings. ECF No. 12, Pages 7-8. Specifically, Plaintiff claims Z.M. has an extreme limitation in interacting and relating with others. The domain of Interacting and Relating with Others involves how well the child initiates and sustains emotional connections with others, develops and use the community's language, cooperates with others, complies with rules, responds to criticism, and respects and takes care of the possessions of others. *See* 20 C.F.R. § 416.926a(i)**.**

The ALJ determined Z.M. had a less than marked limitation in the domain of interacting and relating with others. (Tr. 42). Plaintiff claims Z.M. has an extreme limitation in this domain of functioning. ECF No. 12, Pages 7-8. In support of this claim, Plaintiff argues Z.M. has a severe limitation in speech which is shown by Z.M.'s test scores. *Id.* This Court finds Plaintiff did not meet her burden of establishing Z.M. suffers from an extreme limitation in this domain of functioning.

According to Plaintiff, a Language/Communicative Abilities Assessment was performed on Z.M. by Speech-Language Pathologist Ann M. Grigg, on January 18, 2006, and January 22, 2006. (Tr. 157-160). Z.M.'s composite score on the testing was below average. *Id.* Following this, the Arkansas Severity Ratings Assignment ("ASRA") was applied to Z.M.'s performance on the evaluation and Z.M. was given a rating of "severe" in Language. (Tr. 161). It is Plaintiff's argument that this finding of a severe limitation in Z.M.'s speech satisfies the "extreme" limitation in the domain of interacting and relating with others. ECF No. 12, Pages 7-8.

Defendant argues substantial evidence supports the ALJ's finding that Z.M. had a less than marked limitation in the domain of interacting and relating with others. ECF No. 15, Pages 10-15. The ALJ found the statements that Z.M.'s teacher, parents, and Z.M. himself made, all indicate no particular limitations in this regard. (Tr. 42).

On January 14, 2009, Z.M. underwent a consultative examination by Dr. Mary Sonntag. (Tr. 248-252). Dr. Sonntag noted Z.M. said he got along with his teachers and classmates "really good". (Tr. 249). Z.M. stated he had five "good" friends. (Tr. 249). Dr. Sonntag found Z.M. had a global assessment of functioning (GAF) score of 64, which indicates only mild symptoms or some difficulty in social, occupational, or school functioning, but generally functioning pretty well and has some meaningful interpersonal relationships. (Tr. 251). Dr. Sonntag found Z.M.'s capacity to communicate and interact in a socially adequate manner in a one-on-one situation was average, and Z.M. had the capacity to communicate in an intelligible and effective manner during the testing. (Tr. 251).

Further support for the ALJ's findings was based on the Fourth Grade Teacher Questionnaire. (Tr. 121-128). Z.M.'s teacher found Z.M. had "no problems" for the areas dealing with Interacting and Dealing With Others. (Tr. 124). This area included questions dealing with Z.M.'s ability to play cooperatively with other children, making and keeping friends, following rules, and respecting adults

8

in authority. *Id.*.

This Court finds the ALJ's determination that Z.M. had a less than marked limitation in the domain of interacting and relating with others is supported by substantial evidence in the record.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of February, 2011.**

/s/　Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE